**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| M.M., a Minor Child, by and through his Parents and Next Friends, SCOTT MISHLER and DEANIA MISHLER,<br><br>Plaintiff,<br><br>v.<br><br>UNIFIED SCHOOL DIST. #232, JOHNSON COUNTY, and WILLIAM SHAW,<br><br>Defendants. | Case No. 16-2361-CM |

**MEMORANDUM AND ORDER**

This case arises out of an incident at Lexington Trails Middle School, when a teacher—defendant William Shaw—grabbed plaintiff M.M. and pushed him against the lockers outside a classroom. Plaintiff brings this action under 42 U.S.C. § 1983 and Kansas state law, claiming that defendants violated his civil rights and injured him. He seeks to hold both defendant Shaw and the school district responsible. The case is now before the court on Defendant Unified School District No. 232, Johnson County, Kansas' Motion to Dismiss Count I of Plaintiff's Amended Petition (Doc. 22). The school district argues that it cannot be held responsible under § 1983 on a theory of respondeat superior, and that plaintiff has failed to adequately allege facts suggesting that the school district had a policy or custom that led to plaintiff's injuries.

The school district is correct that it cannot be held responsible on a theory of respondeat superior. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978). But plaintiff has pleaded that the district had a policy and custom of (1) hiring and retaining employees who are likely to violate students' rights and (2) failing to report such incidents to the appropriate authorities. Plaintiff bases

-1-

-2-

these allegations on the events that happened after the incident that is the subject of this suit. More specifically, despite other teachers witnessing the incident and live video capturing it, no one ever reported the incident to the Kansas Department of Children and Families. Additionally, defendant Shaw remains employed at the school.

Plaintiff's allegations are sparse, but they are adequate to survive an *Iqbal* and *Twombly* inquiry. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2001). The school district cites no legal authority for the theory that a policy and custom cannot be inferred from the district's actions during and after the incident. The court makes no finding on whether, ultimately, this inference alone will be sufficient to survive a motion for summary judgment. But at this stage of the proceedings, plaintiff has adequately stated a claim under § 1983 against the school district. No more is required of plaintiff at this time, and the court denies the district's motion to dismiss.

**IT IS THEREFORE ORDERED** that Defendant Unified School District No. 232, Johnson County, Kansas' Motion to Dismiss Count I of Plaintiff's Amended Petition (Doc. 22) is denied.

Dated this 27th day of February, 2017, at Kansas City, Kansas.

        s/ Carlos Murguia
        **CARLOS MURGUIA**
        **United States District Judge**